McGREGOR W. SCOTT
United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-177-MCE |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| GILDARDO BARRIOS (a.k.a. Edgar Munguia), MARISA MUNGUIA, MARIA DOLORES BARRIOS-ALVAREZ | DATE: July 16, 2020 TIME: 10:00 a.m. COURT: Hon. Morrison C. England, Jr. |
| Defendants. | |

This case was set for a status conference on July 16, 2020, and moved to July 23, 2020, on the Court's on motion. The parties now request that the Court continue the status conference to October 15, 2020. To the extent it is needed, this stipulation supplements the basis for exclusion of time under General Order 611 and requests that the Court also exclude time under Local Code T4, for the reasons set forth below.

On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1. This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

### STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1. By this stipulation, the defendants now move to continue the status conference to October 15, 2020, and to exclude time between July 16, 2020, and October 15, 2020, under Local Code T4, in addition to the exclusion of time the Court has already ordered in light of public health concerns cited by General Order 611.

2. The parties agree and stipulate, and request that the Court find the following:

    a) The government has produced discovery in this matter including investigative reports, photographs, and laboratory reports. The government is also in the process of producing or making available to the defense audio and video recordings.

    b) Counsel for defendants will need additional time to review the discovery. Defense counsel will also need time to review the current charges, to investigate and conduct research related to the current charges, and to discuss potential resolutions with their clients, to prepare pretrial motions, and to otherwise prepare for trial.

    c) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d) The government does not object to the continuance.

    e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of the date of this stipulation and order, to October 15, 2020, inclusive, is deemed excludable pursuant to this Court's General Orders, due to the public health concerns created by the COVID-19 pandemic, as well to

18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| Dated: July 20, 2020 | McGREGOR W. SCOTT<br>United States Attorney |
| --- | --- |
| | /s/ JAMES R. CONOLLY<br>JAMES R. CONOLLY<br>Assistant United States Attorney |
| Dated: July 20, 2020 | /s/ LEXI NEGIN<br>LEXI NEGIN<br>Counsel for Defendant<br>GILDARDO BARRIOS |
| Dated: July 20, 2020 | /s/ MARY ANN F. BIRD<br>MARY ANN F. BIRD<br>Counsel for Defendant<br>MARISA MUNGUIA |
| Dated: July 20, 2020 | /s/ DANIEL L. OLSEN<br>DANIEL L. OLSEN<br>Counsel for Defendant<br>MARIA DOLORES BARRIOS-ALVAREZ |

**ORDER**

IT IS SO ORDERED.

Dated: July 28, 2020

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE