1  McGREGOR W. SCOTT
   United States Attorney
2  JAMES R. CONOLLY
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:   (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8
                    IN THE UNITED STATES DISTRICT COURT
9
                    EASTERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,              CASE NO.  2:19-CR-177-MCE

12                        Plaintiff,       STIPULATION REGARDING EXCLUDABLE
                                           TIME PERIODS UNDER SPEEDY TRIAL ACT;
13                 v.                      FINDINGS AND ORDER

14  GILDARDO BARRIOS (a.k.a. Edgar         DATE: December 3, 2020
    Munguia),                              TIME: 10:00 a.m.
15  MARISA MUNGUIA,                        COURT: Hon. Morrison C. England, Jr.
    MARIA DOLORES BARRIOS-ALVAREZ
16
                         Defendants.
17

18
           This case was set for a status conference on December 3, 2020.  By this stipulation, defendants
19
    Gildardo Barrios and Maria Dolores Barrios Alvarez, through their undersigned counsel, request that the
20
    Court continue the status conference to January 28, 2021, and to exclude time under Local Code T4 as
21
    well under the Court's General Orders, for the reasons set forth below.  Defendant Marisa Munguia has
22
    requested that the Court set this matter for a change of plea on December 3, 2020, and for that reason
23
    does not join in this stipulation.
24
           On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the
25
    Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to
26
    continue all criminal matters to a date after June 1.  This and previous General Orders were entered to
27
    address public health concerns related to COVID-19.
28
    ///

                STIPULATION REGARDING EXCLUDABLE TIME          1
                PERIODS UNDER SPEEDY TRIAL ACT

1     Although the General Orders address the district-wide health concern, the Supreme Court has

2  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

3  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

4  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

5  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

6  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

7  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

8  or in writing").

9     Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

10  and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

11  continuances are excludable only if "the judge granted such continuance on the basis of his findings that

12  the ends of justice served by taking such action outweigh the best interest of the public and the

13  defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

14  "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

15  ends of justice served by the granting of such continuance outweigh the best interests of the public and

16  the defendant in a speedy trial."  *Id.*

17     The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

18  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

19  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

20  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

21  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

22  recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

23  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

24  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

25  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

26     In light of the societal context created by the foregoing, this Court should consider the following

27  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

28

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1    justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date

2    for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

3    pretrial continuance must be "specifically limited in time").

## STIPULATION

5    Plaintiff United States of America, by and through its counsel of record, and defendants Gildardo

6    Barrios and Maria Dolores Barrios-Alvarez, by and through their counsel of record, hereby stipulate as

7    follows:

8    1.    By this stipulation, the defendants now move to continue the status conference to January

9    28, 2021, and to exclude time between December 3, 2020, and January 28, 2021, under Local Code T4,

10   in addition to the exclusion of time the Court has already ordered in light of public health concerns cited

11   by the Court's General Orders.

12   2.    The parties agree and stipulate, and request that the Court find the following:

13   a)    The government has produced discovery in this matter including investigative

14   reports, photographs, and laboratory reports.  The government is also in the process of producing

15   or making available to the defense audio and video recordings.

16   b)    Counsel for defendants will need additional time to review the discovery.

17   Defense counsel will also need time to review the current charges, to investigate and conduct

18   research related to the current charges, and to discuss potential resolutions with their clients, to

19   prepare pretrial motions, and to otherwise prepare for trial.

20   c)    Counsel for defendants believe that failure to grant the above-requested

21   continuance would deny them the reasonable time necessary for effective preparation, taking into

22   account the exercise of due diligence.

23   d)    The government does not object to the continuance.

24   e)    Based on the above-stated findings, the ends of justice served by continuing the

25   case as requested outweigh the interest of the public and the defendant in a trial within the

26   original date prescribed by the Speedy Trial Act.

27

---

28   [1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME                    3
PERIODS UNDER SPEEDY TRIAL ACT

1    f)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

2 et seq., within which trial must commence, the time period of December 3, 2020, to January 28,

3 2021, inclusive, is deemed excludable pursuant to this Court's General Orders, due to the public

4 health concerns created by the COVID-19 pandemic, as well to 18 U.S.C.§ 3161(h)(7)(A), B(iv)

5 [Local Code T4] because it results from a continuance granted by the Court at defendant's

6 request on the basis of the Court's finding that the ends of justice served by taking such action

7 outweigh the best interest of the public and the defendant in a speedy trial.

8    3.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

9 Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

10 must commence.

11    IT IS SO STIPULATED.

12 Dated:  November 29, 2020                McGREGOR W. SCOTT
                                          United States Attorney
13
                                          /s/ JAMES R. CONOLLY
14                                        JAMES R. CONOLLY
                                          Assistant United States Attorney
15
16 Dated:  November 29, 2020              /s/ LEXI NEGIN
                                          LEXI NEGIN
17                                        Counsel for Defendant
                                          GILDARDO BARRIOS
18 Dated:  November 29, 2020              /s/ DANIEL L. OLSEN
                                          DANIEL L. OLSEN
19                                        Counsel for Defendant
                                          MARIA DOLORES BARRIOS-ALVAREZ
20
21
                              **FINDINGS AND ORDER**
22
23    IT IS SO ORDERED.

   Dated:  December 1, 2020
24
25                                        _____
                                          MORRISON C. ENGLAND, JR.
26                                        SENIOR UNITED STATES DISTRICT JUDGE
27
28

STIPULATION REGARDING EXCLUDABLE TIME            4
PERIODS UNDER SPEEDY TRIAL ACT